UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MICHAEL SÁNCHEZ-OXIO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 13-1826 (JAF)

(Crim. 06-241, No. 06-241)

**OPINION AND ORDER**

Petitioner, Michael Sánchez-Oxio, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 06-241. (Docket No. 1.)

**I.**

**Background**

Petitioner was indicted as a felon in possession of a firearm and as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Crim. 06-241, Docket No. 1.) After a three-day jury trial, Petitioner was found guilty. (Crim. 06-241, Docket No. 53.) On April 18, 2007, we sentenced him to 210 months in prison. (Crim. 06-241, Docket No. 62.) The Judgment was entered on May 22, 2007. (Crim. 06-241, Docket No. 64.) On May 22, 2007, Petitioner filed a notice of appeal. (Crim. 06-241, Docket No. 65). Upon review, the First Circuit concluded that there were no non-frivolous issues for appeal and affirmed petitioner's conviction and sentence. United States v. Sánchez-Oxio, No. 07-1961 (1st Cir. 2009). On October 5, 2009, the Supreme Court denied

petitioner's writ of certiorari. Sánchez-Oxio v. United States, 130 S. Ct. 245 (2009). On October 4, 2010, Sánchez filed a first § 2255 motion assisted by counsel. (Civ. No. 10-1960, Docket No. 1.) On August 2, 2011, we issued an opinion and order thoroughly discussing, and ultimately rejecting, Petitioner's allegations. (Civ. No. 10-1960, Docket No. 18), and his first petition was summarily dismissed. (Civ. No. 10-1960, Docket No. 15.) On August 10, 2011, Petitioner filed a notice of appeal. (Civ. No. 10-1960, Docket No. 16.) The First Circuit denied a certificate of appealability. See United States v. Sánchez-Oxio, No. 11-2014 (1st Cir. 2011). On October 24, 2013, Sánchez filed a second motion pursuant to § 2255. (Docket No. 1.) The government opposed. (Docket No. 4.)

## II.

### Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless she can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise

ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

### III.

### **Discussion**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Section 2255 disfavors "second or successive" habeas petitions seeking to vacate, set aside or correct a sentence. See 28 U.S.C. § 2255; Burton v. Stewart, 549 U.S. 147, 153 (2007). A later petition that raises the same grounds as a previous petition is considered a second or successive petition. Sustache-Rivera v. United States, 221 F.3d 8, 12-3 (1st Cir. 2000). Before filing a second or successive motion under Section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...."). A district court lacks jurisdiction over a second or successive petition unless the defendant obtains certification from the appropriate court of appeals. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).

Here, Petitioner neither sought nor received authorization from the First Circuit Court of Appeals before filing his second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He claims he is entitled to relief under Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), but deciding that issue would require this court to reach the merits of his petition, which we can only do if the First Circuit certifies

a second or successive habeas petition. See, e.g., Sampson v. United States, 2013 WL 4041968, n.3 (W.D.N.C. 2013).

Petitioner asserts that he is entitled to a reduction in his sentence because the Supreme Court's decision in Alleyne provides a new constitutional rule that should be applied retroactively. Petitioner's Alleyne argument is misplaced.

In Apprendi v. New Jersey, the Supreme Court held that a fact must be submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory maximum sentence. Alleyne extends this principle to facts that increase a defendant's statutory mandatory minimum sentence. The Supreme Court held, in United States v. Booker, 543 U.S. 220 (2005), that Apprendi was not retroactively applicable. While the Supreme Court has not decided whether Alleyne applies retroactively to cases on collateral review, the United States Court of Appeals for the Seventh Circuit has suggested, without deciding, that because "Alleyne is an extension of Apprendi ... [t]his implies that the Court will not declare Alleyne to be retroactive." Simpson v. United States, 721 F.3d 875, 2013 WL 3455876, at * 1 (7th Cir. July 10, 2013); see also United States v. Stang, 2014 WL 2199371 (10th Cir. May 28, 2014); Rogers v. United States, 2014 WL 1272121 (6th Cir. March 31, 2014); United States v. Harris, 741 F.3d 1245 (11th Cir. 2014). At this time, several district courts have held that Alleyne does not apply retroactively to cases on collateral review. See Castro-Davis v. United States, 2014 WL 1056528 (D.P.R. March 18, 2014); Lassalle-Velazquez v. United States, 2013 WL 4459044 (D.P.R. Aug. 16, 2013); United States v. Stanley, 2013 WL 3752126, at *7 (N.D. Okla. July 16, 2013); United States v. Eziolisa, 2013 WL 3812087, at *2 (S.D. Ohio July 22, 2013); Affolter v. United States, 2013 WL 3884176, at *2 (E.D. Mo. July 26, 2013); United States v. Reyes, 2013 WL 4042508, at *19 (E.D. Pa. Aug. 8,

2013). Since neither the Supreme Court nor the First Circuit has held Alleyne to be retroactively applicable, we decline to do so here.

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. See Davis v. U.S., 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under §2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); see also Dirring v. U.S., 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence).

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his

constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of July, 2014.

                                                               S/José Antonio Fusté
                                                               JOSE ANTONIO FUSTE
                                                               U. S. DISTRICT JUDGE